THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JESÚS RIVERA NIEVES, Defendant and Appellant.

No. 9321. Argued June 12, 1942.—Decided July 21, 1942.

Dubón & Ochoteco for appellant. George A. Malcolm, Attorney General, and R. A. Gómez, Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The defendant accepted in the lower court that on the date charged in the information and, being a resident of Corozal, he had no weapon whatsoever registered in his name on October 27, 1940, and he further admitted that on this date he carried a revolver on his person. He introduced evidence, however, for the purpose of showing that the revolver found on him was the property of his father-in-law José Concepción Bou, who had duly registered it with the Chief of Police of Corozal; he further proved that he lived in and worked as keeper of the Bou estate and that on the day in question he took the revolver from the top of his father-in-

law's wardrobe and carried it while he inspected the estate and with it wounded Juan Rivera on a highway which crosses the estate. The lower court found the defendant guilty of a violation of §7 of Act No. 14 of 1936 and sentenced him to six months in jail and in this appeal he alleges that, according to the above-stated facts, he did not commit the crime charged since his possession of the weapon was accidental, the judgment, therefore, being contrary to the law and the facts.

We are of the opinion that the possession of the revolver on defendant's part can not be deemed accidental as he alleges. In the first place, the evidence does not show that Mr. Bou, the owner of the weapon, gave him authority to carry it as keeper of the estate and that such weapon was necessary for said purpose. Mr. Bou's only statement was that the weapon belonged to him and that he had it registered in his name. On the contrary, the defendant stated that he took it, on his own account, from the top of a wardrobe and while he was on the highway wounded Juan Rivera with it. It further appears from the record that the appellant was also charged with and found guilty of a crime of carrying a prohibited weapon. How can this possession be considered accidental? The word "accidental" signifies casual, according to the Dictionary of the Royal Spanish Academy. The defendant, if he really needed a revolver to inspect his father-in-law's estate would have to possess it not accidentally but permanently, and with previous authorization by the owner of the estate while he performed the duties of his job and there is nothing in the evidence to show these facts. The lower court was justified in not giving credit to the defendant's declaration and in believing, on the contrary, as it did believe, that the defendant carried and was in possession of the revolver illegally. The fact that it was registered in its owner's name was not a valid defense for the defendant, in accordance with the facts of this case, which

distinguish it from those which served as grounds for deciding those of *People* v. *Bosch,* 43 P.R.R. 111; *People* v. *Rodríguez,* 43 P.R.R. 718; and *People* v. *Beltrán,* 54 P.R.R. 1, cited by the appellant.

The judgment appealed from must be affirmed.